Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>YANIEL L. REYES RODRÍGUEZ<br><br>Peticionario | KLCE202400765 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.<br>A BD2017G0142<br><br>Sobre: Inf. Art. 190 CP |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece Yaniel L. Reyes Rodríguez ("señor Reyes Rodríguez" o "Peticionario"), quien se encuentra confinado en la Institución Ponce Adultos 1000 y recurre por derecho propio. En su recurso intitulado *Moción en Solicitud y Requerimientos de Revi[s]ión en Certiorari*, el Peticionario solicita que se modifique la sentencia condenatoria dictada el 6 de noviembre de 2018 por el Tribunal de Primera Instancia, Sala de Aguadilla ("TPI"). Surge del escrito presentado por la parte peticionaria que el señor Reyes Rodríguez sostuvo haber sido sentenciado, mediante el referido dictamen, a quince (15) años de prisión, por el delito de tentativa de robo, tipificado en el Art. 189 del Código Penal.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

El 9 de julio de 2024, recibimos en la Secretaría de esta Curia una *Moción en Solicitud y Requerimientos de Revi[s]ión en Certiorari*, con fecha del 27 de junio de 2024. En su recurso, el Peticionario detalló que fue sentenciado a quince (15) años de prisión por el Art. 189 del Código Penal.

Así, pues, solicitó que se enmendara dicha sentencia, en virtud del principio de favorabilidad.

El señor Reyes Rodríguez alegó haber presentado, el 18 de octubre de 2023, una "Moción de Favorabilidad" ante el foro primario. No surge del escrito lo resuelto por el foro primario en virtud de la referida moción o la fecha en la cual fue atendida.

Evaluado el recurso presentado por el señor Reyes Rodríguez, procedemos a resolver.

## II.

### -A-

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta, son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal

dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

Como es sabido, ¨[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento¨. *Morán v. Marti*, 165 DPR 356 (2005).

La Regla 32 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32, establece un término jurisdiccional de treinta (30) días para la presentación del recurso de *certiorari*, contados desde el archivo en autos de la copia de la notificación del dictamen emitido por el Tribunal de Primera Instancia. Asimismo, la Regla 34 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34, regula el contenido de la solicitud de *certiorari*.

En lo aquí pertinente, la Regla 34 (C), *supra*, establece que el cuerpo de la solicitud de certiorari deberá contener lo siguientes requerimientos:

> (c) Una **referencia a la decisión cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

> (d) **Una relación fiel y concisa de los hechos procesales y materiales del caso**.

> […]

> (Énfasis suplido)

Asimismo, la Regla 34 (E), *supra*, dispone que todo recurso deberá contener un Apéndice, en el cual se incluirá:

(a) Las alegaciones de las partes [...].

(b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari**, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(Énfasis suplido)

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 D.P.R. 250 (2007), *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. **Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.** *Morán v. Marti, supra.*

(Énfasis suplido)

Una parte no puede utilizar como subterfugio su comparecencia por derecho propio para incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos. *Febles v. Romar*, 159 DPR 714 (2003).

**III.**

En el caso de marras, el recurso de *certiorari* presentado por el señor Reyes Rodríguez no es revisable. El Peticionario incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, privándonos de jurisdicción y así, de ejercer nuestra facultad revisora.

Particularmente, el escrito no incluye copia de resolución, orden, moción o documento alguno que evidencia alguna decisión tomada por el Tribunal de Primera Instancia, que pueda ser objeto de revisión judicial, y que, además, nos permita auscultar nuestra jurisdicción. De igual manera, el Peticionario tampoco incluyó una copia de la "Moción de Favorabilidad" presentada ante el foro primario. En las presentes circunstancias, este foro apelativo desconoce el cuadro fáctico del caso de autos y no tiene ante sí un dictamen judicial a revisar, por lo tanto, carece de jurisdicción para entender en los méritos lo planteado por el señor Reyes Rodríguez.

Finalmente, el Peticionario alega en un escrito titulado *Moción Informativa*, haber acudido previamente ante esta Curia. El señor Reyes Rodríguez, aduce que, en aquel entonces, hubo una "moción" la cual se extravió porque fue enviada a otra institución correccional. Por tal razón, sostuvo que los términos contenidos en la alegada "moción" no pudieron ser cumplidos y como consecuencia, la referida solicitud fue denegada. Resulta menester destacar que el Peticionario omitió hacer referencia a la fecha en la cual presuntamente acudió ante nos y tampoco proveyó el número de caso asignado, si alguno. Tal alegación fue prontamente investigada, sin embargo, no surge récord de recurso alguno presentado ante esta Curia bajo el nombre de "Yaniel J. Reyes Rodríguez" o "Yaniel Reyes Rodríguez".

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de *certiorari* por falta de jurisdicción

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones